UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAITLIN LAUREN COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-CV-911-WKW |
| | ) | |
| JOSHUA GLENN McVICKERS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are two motions: (A) Plaintiff's motion for partial summary judgment (Docs. # 27, 28, 29), and (B) Plaintiff's motion to strike Defendant's motion to dismiss (Doc. # 30). Defendant, who is proceeding *pro se*, has not responded to either motion. For the following reasons, Plaintiff's motions are due to be denied.

## **I. DISCUSSION**

### A. **Motion for Partial Summary Judgment**

While Plaintiff was in custody in Dale County Jail serving a sentence for revocation of her probation, Defendant, a jailer, engaged in sexual misconduct with Plaintiff. Plaintiff alleges that Defendant took her to a private room, kissed her, touched her breast, and required her to perform oral sex on him. At other times, while Plaintiff remained in her cell, Defendant requested that Plaintiff undress

1

while he watched or while she filmed herself.  Defendant was later fired and pleaded guilty to custodial sexual misconduct.  On the basis of these events, Plaintiff has sued Defendant for multiple claims arising under 42 U.S.C. § 1983 and state law.

Plaintiff seeks partial summary judgment on (1) her Fourteenth Amendment substantive due process claims for infringement of rights to bodily integrity and privacy, (2) her Fourth and Eighth Amendment claims for infringement of rights to be free from excessive force and cruel and unusual punishment, and (3) her state law claim for assault and battery.  (*See* Doc. # 28, at 3–8.)  Upon consideration of Plaintiff's brief and evidentiary submissions, the court concludes that Plaintiff has failed to meet her burden under Federal Rule of Civil Procedure 56(a) of showing that "there is no genuine dispute as to any material fact and that [she] is entitled to judgment as a matter of law."

### 1. *Disputed Issue of Fact: Consent*

Although Defendant has pleaded guilty to the criminal offense of custodial sexual misconduct, and while he admits that he did what Plaintiff alleges that he did, (*see* Docs. # 29-3, 29-4), there is a genuine dispute as to whether Plaintiff acquiesced to Defendant's unlawful conduct.  Plaintiff claims that Defendant "forced" her to (1) perform a sex act upon him, (2) allow him to touch and kiss her, and (3) strip to her underwear while he watched.  (Doc. # 29, at ¶¶ 5–6.)  She

testifies that she "felt like [she] had to do what [Defendant] asked [because she] was an inmate under his control." (Doc. # 29, at ¶ 7.)

But viewing the evidence in the light most favorable to the non-movant, the court finds that it is possible that a reasonable factfinder could conclude that Plaintiff consented to, and maybe even invited, some or all of Defendant's misconduct. For instance, in her voluntary statement prepared for the Dale County Sheriff's Investigator, Plaintiff explained that she kissed Defendant and performed fellatio "for snack[s], pills, [and] whatever else [she] wanted." (Doc. # 29-1, at 1.) In Defendant's statement for the Dale County Sheriff's Investigator, he explains that Plaintiff initiated contact with him by writing notes to him and offering "to show [him] how much she liked [him]" in exchange for favors like snacks, phone privileges, cigarettes, and Xanax. (Doc. # 29-3, at 1–2.) Thus, Plaintiff's affidavit testimony that she was compelled to submit to Defendant's advances is contradicted by other evidence she has submitted.

The court has considered Plaintiff's argument that consent is no defense because inmates are legally incapable of consenting to sex with prison authority figures, (*see* Doc. # 29, at 11), but the court is unconvinced that such a defense is wholly unavailable to Defendant. In support of her argument, Plaintiff solely relies on this court's statement in *Bonner v. Chambers County*, Case No. 3:04-cv-1229-WKW (M.D. Ala. July 26, 2007) (Unpublished Mem. Op. & Order on Defs.' Mot.

for Summ. J.), that consent is no defense to an alleged sexual assault because prison life is "nonconsensual" in nature. *Id.* at 34. In that opinion, the court cited Ala. Code § 14-11-31, the statute criminalizing custodial sexual misconduct, for its provision that "consent . . . shall not be a defense to a prosecution" for that crime. Section 14-11-31, however, eliminates the availability of the defense of consent in a state criminal proceeding – not in a civil proceeding concerning the same sexual misconduct. Furthermore, the facts in *Bonner* were much more egregious than the events underlying Plaintiff's claims,[1] and the procedural posture of *Bonner* is also distinguishable. That is, in *Bonner*, the defendants moved for summary judgment, and the court viewed the facts in the light most favorable to the plaintiff.

Additionally, the court is aware of persuasive authority that a jury should decide the issue of consent in the context of custodial sexual assault. In *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281 (10th Cir. 1999), an inmate-plaintiff alleged that she was raped by a correctional officer-defendant, but the defendant characterized their encounter as consensual. *Id.* at 1284. The plaintiff sued the defendant for state law claims of assault, battery, false imprisonment, and intentional infliction of emotional distress as well as under § 1983 for a violation

---

[1] Specifically, the female plaintiff whose Eighth Amendment claims were at issue under the consent defense alleged that two different jail officers subjected her to repeated, daily sexual assaults for months. The defendants argued that the plaintiff consented, but there was no evidence that the plaintiff initiated contact with the defendants or invited their sexual advances. Rather, the plaintiff testified that she found it easier to comply than to resist. Moreover, the court found the consent defense to be disingenuous because defendants offered plaintiff, an addict, cocaine in exchange for sex.

of her Eighth Amendment right to be free from excessive force. *Id.* at 1284. The jury returned a verdict for the defendant. *Id.* at 1285. The Tenth Circuit found no reversible error in the district court's jury instructions on consent, *id.* at 1288, where the consent instructions related to both the § 1983 claim and the tort claims, *id.* at 1287.[2]

When viewed in the light most favorable to Defendant, the disputed issue of Plaintiff's willingness versus coercion to touch Defendant, be touched by Defendant, and to undress for Defendant precludes summary judgment in Plaintiff's favor. In the absence of binding legal authority negating the possibility that Plaintiff's consent is a defense or mitigating factor available to Defendant, partial summary judgment is due to be denied.

### 2.   *Other Legal Questions*

Even if Plaintiff can establish that she did not consent or could not have consented because of her status as an inmate, Plaintiff has failed to show her entitlement to judgment as a matter of law on her substantive due process claims, which require a showing that Defendant's conduct shocks the contemporary conscience. *See Lumley v. City of Dade City, Fla.*, 327 F.3d 1186 (11th Cir. 2003)

---

[2] *Giron* reversed judgment on the § 1983 excessive force claim, however, on different grounds – specifically, that the district court's instructions erroneously required the plaintiff to prove that the defendant *maliciously* forced her to have sex with him. *Id.* at 1290 ("Since [plaintiff] had to prove that [defendant] forced her to have sex with him, she should not have faced the additional hurdle of showing that the coercion involved malice under a test primarily designed for a prison guard's use of force to maintain order.").

("As a general rule, to prevail on a claim of a substantive due-process violation, a plaintiff must prove that a defendant's conduct shocks the conscience.")  The Supreme Court insists upon this high standard and has repeatedly advised against constitutionalizing torts as substantive due process claims.  *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 846–48 (1998).  Plaintiff's motion makes no argument that the Defendant's conduct rises to the conscience-shocking level.[3]

Plaintiff has also failed to show her entitlement to judgment in her favor as to her bodily privacy claim because the privacy infringement at issue here (Defendant's repeated requests that Plaintiff strip to her underwear) may not be sufficient to substantiate a privacy claim under the substantive component of the Due Process Clause.  The Eleventh Circuit "recognizes that prisoners retain a constitutional right to bodily privacy," but it examines the scope of that right on "a case-by-case basis."  *Fortner v. Thomas*, 983 F.2d 1024, 1030 (11th Cir. 1993). The Circuit has recognized violations of that right in only two contexts: compelled exposure of the genitals in the presence of the opposite sex and compelled masturbation.  *See Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *Fortner*, 983 F.2d at 1030.  Defendant's misconduct is offensive and invasive of Plaintiff's privacy, but it is not clear under Eleventh Circuit precedent that his misconduct gives rise to a Fourteenth Amendment privacy claim.

---

[3] And, in view of the disputed issue of fact in this case, such a showing would be difficult to make prior to a finding that Defendant forced Plaintiff to perform oral sex on him.

Consequently, for these additional reasons, Plaintiff's motion for partial summary judgment is due to be denied as to her Fourteenth Amendment bodily integrity and privacy claims.

### B. Motion to Strike

Plaintiff requests that the court strike Defendant's motion to dismiss. The court denied Defendant's motion to dismiss (*see* Doc. # 32), but made no ruling upon Plaintiff's motion to strike it. Because Plaintiff offers no legal basis to support her motion, the motion to strike is due to be denied.

### II. CONCLUSION

It is ORDERED that the motion for partial summary judgment (Doc. # 27) and the motion to strike (Doc. # 30) are DENIED.

DONE this 21st day of January, 2014.

                                /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE